**TESSER | GROSSMAN LLP**
11990 San Vicente Boulevard, Suite 300
Los Angeles, California 90049
Telephone: (310) 207-4558
BRANDON M. TESSER (SBN 168476)
brandon@tessergrossman.com
ROBERT PAREDES (SBN 255329)
robert@tessergrossman.com
Attorneys for Plaintiff,
KENNY NOLAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY NOLAN, an individual,<br><br>　　　　Plaintiff,<br>　vs.<br><br>UNIVERSAL MUSIC GROUP HOLDINGS, INC., a Delaware corporation; JOSEPH ANTONIO CARTAGENA p/k/a FAT JOE; SIR ROBERT BRYSON HALL II p/k/a LOGIC; QN5, INC. a New York corporation; OMAR ROGELIO TULL p/k/a PACKFM; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT; and**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT;**<br><br>**JURY DEMAND** |

Plaintiff Kenny Nolan ("Nolan") alleges as follows:

///
///
///
///

**COMPLAINT**
- 1 -

# I

# JURISDICTION

1. This Court has original subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

# II

# VENUE

2. This Court has personal jurisdiction over defendants Universal Music Group Holdings, Inc. ("UMG"), Joseph Antonio Cartagena p/k/a Fat Joe ("Fat Joe"), Sir Robert Bryson Hall p/k/a Logic ("Logic"), QN5, Inc. ("QN5") and Omar Rogelio Tull p/k/a PackFM ("PackFM") (collectively, UMG, Fat Joe, Logic, QN5, and PackFM are the "Defendants") because the events giving rise to this claim occurred in the Central District of California, some of the defendants reside in or were organized under the laws of California, and all Defendants purposefully directed sales, distributions, or digital transmissions of their recordings, including the infringing works to citizens in California.

3. Venue is also proper in this district under 28 U.S.C. §§ 1391(b)(1) and 1400(a) because Defendants or their agents reside or may be found in this judicial district; and also under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within this district.

///
///
///
///

## III

## PARTIES

4. Nolan is a singer-songwriter with a career spanning over three decades. In addition to writing and recording his own top ten Billboard hits such as "I Like Dreamin'," Nolan has written and co-written numerous hits for other artists including Frankie Vallie's "My Eyes Adored You" and Labelle's "Lady Marmalade," which not only replaced "My Eyes Adored You" as the number one on the Billboard Hot 100, but which was also covered by several noted artists and has been selected for preservation in the National Recording Registry for being "culturally, historically, or artistically significant."

5. In 1974, Nolan co-wrote the lyrics and the music to the musical composition, "Nasty" (the "Composition") which Nolan created as a member of the recording project, The Eleventh Hour. The Composition is registered with the United States Copyright Office ("USCO") with registration number EP320358. Nolan recorded the vocals in the Composition.

6. Defendant UMG is the biggest music company in the world and is recognized as one of the "Big Three" record labels along with Sony Music and Warner Music Group. UMG owns and operates a broad spectrum of businesses engaged in recorded music, music publishing, merchandising, and audiovisual content in more than 60 territories. UMG's operational headquarters is located in Santa Monica, California.

7. Defendant JOSEPH ANTONIO CARTAGENA p/k/a FAT JOE is a recording artist providing entertainment services throughout the United States. Fat Joe is a recording artist under UMG.

8. Defendant SIR ROBERT BRYSON HALL II p/k/a LOGIC is a recording artist providing entertainment services throughout the United States. Logic is a recording artist under UMG.

9. QN5 is an independent record label that, on information and believe, releases and distributes musical recordings by PackFM.

10. Defendant OMAR ROGELIO TULL p/k/a PACKFM is a recording artist providing entertainment services throughout the United States.

11. All Defendants are joined pursuant to Fed. R. Civ. P. 20(a)(2).

12. Each of the Defendants authorized or ratified the acts or omissions of the other Defendants as herein alleged, and did so for their own financial and individual advantage or the collective advantage of all Defendants.

13. Each of the Defendants is jointly and severally liable for the infringements and damages alleged herein.

14. Nolan is ignorant of the true names and capacities of the defendants sued herein as Does 1-20, inclusive, and therefore sues these defendants by such fictitious names. Nolan will amend this Complaint to allege the true names and capacities when ascertained. Nolan is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is responsible in some manner or capacity for the wrongful conduct alleged herein, and that Nolan's loss as alleged herein was proximately and/or directly caused by such defendants' acts.

15. All of the claims for copyright infringement joined in this Complaint are governed and arise from or relate to the same transaction or occurrence, or series of transactions or occurrences, and one or more questions(s) of law or fact are common to all the parties. In particular, Nolan alleges that Defendants have infringed his copyrights by sampling both the sound recording and musical composition "Nasty" without authorization. Thus, joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against the Defendants.

///

///

## IV

## FACTS COMMON TO ALL CLAIMS

16. As set forth above, this case involves the unauthorized use of the Composition's instantly recognizable opening and refrain.

17. Fat Joe's infringing work, entitled "That White," was released in 2008 on the studio album, "The Elephant in the Room." Fat Joe samples the Composition (including Nolan's voice) beginning at the 0:20 mark and the sample repeats throughout the rest of the song. "That White" has garnered over 400,000 combined views on YouTube. "The Elephant in the Room" debuted at number six on the U.S. Billboard 200 chart, selling 47,125 copies in the first week.

18. UMG marketed and distributed Fat Joe's infringing work.

19. Logic's infringing work not coincidentally entitled "Nasty" was released in 2013 as a single and music video. The official video alone has garnered well over 16 million views. Logic's unauthorized version of "Nasty" also appears on his mixtape, "Young Sinatra: Welcome to Forever," which samples from a wide variety of artists and songwriters. Logic samples the Composition (including Nolan's voice) beginning at 0:07. The sample continues throughout the rest of the infringing work.

20. UMG marketed and distributed Logic's infringing work.

21. PackFM's infringing work also entitled "Nasty" was released in 2010. PackFM's unauthorized version of the Composition appears on his album, "I F*cking Hate Rappers." PackFM samples the Composition beginning at the 0:04 mark (including Nolan's voice). The sample continues throughout the rest of the song.

22. QN5 marketed and distributed PackFM's infringing work.

23. "That White," Logic's version of "Nasty," and PackFM's version of "Nasty" (collectively, the "Infringing Works") are derivative works that

contain unauthorized samples of the music, the lyrics, and the sound recording of the Composition.

24. The Defendants used the Composition without permission to directly benefit from various income sources (album sales, singles sales, streaming, online views) and from the public performance of their Infringing Works.[1]

25. Without Nolan's permission or permission from any owner of the rights to the Composition, the Defendants used a prevalent and continuous sample of the Composition throughout the Infringing Works, which were featured and distributed in, among other things, the above-referenced albums.

26. It is recording industry practice for record labels to require exclusivity from artists that are signed to their labels. An exclusivity clause in a record contract generally gives a record label the exclusive right to release recordings of the artists, along with the right and ability to supervise and control any and all recordings released by the artist during the term of the agreement. Nolan is informed and believes, and based thereon alleges that UMG and QN5 supervised and controlled the release of the Infringing Works.

27. Nolan notified UMG of the Infringing Works on November 28, 2022 via certified mail. In a letter dated December 15, 2022, UMG acknowledged receipt of Nolan's notice regarding the Infringing Works.

28. Despite acknowledging the receipt of Nolan's notification letter which provided UMG with direct notice of its artists' infringement, UMG continues to advertise, market, and encourage the infringement of Nolan's

---

[1] Fat Joe can be seen publicly performing "That White" here: https://www.youtube.com/watch?v=iXebLIdXjCI.  Logic can be seen publicly performing his version of "Nasty" here: https://www.youtube.com/watch?v=XsyEwG09hFM.  PackFM can be seen publicly performing his version of "Nasty" here: https://www.youtube.com/watch?v=0XT1ciAqaEk.

copyrights through the marketing and distribution of its artists' Infringing Works.

29. Fat Joe, Logic, and PackFM (the "Infringing Artists") contributed to and created derivative musical compositions and derivative sound recordings, respectively, by copying and manipulating (*i.e.*, "sampling") significant portions of the Composition and then reproducing the results of such sampling continuously throughout the Infringing Works.

30. UMG and QN5 reproduced, manufactured, distributed, publicly performed, and/or digitally transmitted the Infringing Works (or contributed to the foregoing), which incorporates unauthorized portions of the Composition.

31. By promoting the Infringing Works and directing third-parties to permanently download and purchase the Infringing Works, the Defendants took active steps to encourage, recommend, facilitate, and instruct third-parties in how to engage in infringing conduct through the permanent download and purchase of the Infringing Works, which were released and distributed by UMG and QN5 artists with UMG and QN5's knowledge that Defendants were infringing Nolan's valuable copyrights in the Composition.

32. In light of its role as Fat Joe and Logic's record label, UMG's continuous promotion and advertisement of "That White" and Logic's version of "Nasty" served to condone, encourage, and facilitate Fat Joe and Logic's ongoing infringing conduct.

33. In light of its role as PackFM's record label, QN5's continuous promotion and advertisement of PackFM's version of "Nasty" served to condone, encourage, and facilitate PackFM's ongoing infringing conduct.

34. Nolan is informed and believes, and based thereon alleges that UMG and QN5 promoted and advertised the Infringing Works despite their knowledge of the direct infringement by the other Defendants, and despite their right and ability to control the releases and distribution of the Infringing Works.

35. Nolan is further informed and believes, and based thereon alleges that UMG and QN5's promotion and advertisement of the Infringing Works served as an apparent authorization, encouragement, and inducement to the Infringing Artists to continue their infringing conduct, including the live performance of the Infringing Works.

36. Defendants' conduct with regard to the Infringing Works, as described above, was entirely unlicensed and unauthorized, and was done without the consent or permission of Nolan or any co-owner of the rights in the Composition.

37. The foregoing conduct by the Defendants constituted infringement of Nolan's exclusive rights under 17 U.S.C. §§ 106 and 501 of the Copyright Act of 1976.

38. As a direct and proximate result of Defendants' conduct, Nolan has suffered and continues to suffer actual and substantial damage in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF FOR
## COPYRIGHT INFRINGEMENT
### (Against All Defendants)

39. Nolan repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

40. Nolan is an owner of the Composition, which is the subject of a valid Certificate of Copyright Registration issued by the USCO.

41. Defendants all had access to the Composition due to the widespread fame and worldwide release of the Composition, as well as the notoriety of the works by The Eleventh Hour and Nolan.

42. There are reproductions of the Composition in the samples used in the Infringing Works.

43. Defendants' unauthorized reproductions, distributions, public performances, and/or digital transmissions of the Infringing Works, as alleged above, each constitute separate infringements of Nolan's rights in and to the Composition.

44. The foregoing acts of copyright infringement have been willful and intentional.

45. As a result of such copyright infringements, Nolan has suffered damages in an amount that will be proven at trial.

## SECOND CLAIM FOR RELIEF FOR
## VICARIOUS COPYRIGHT INFRINGEMENT
### (Against All Defendants)

46. Nolan repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

47. Nolan is an owner of the Composition, which is the subject of a valid Certificate of Copyright Registration issued by the USCO.

48. Defendants all had access to the Composition due to the widespread fame and worldwide release of the Composition, as well as the notoriety of the works by The Eleventh Hour and Nolan.

49. There is a reproduction of the Composition in the samples used in the Infringing Works.

50. Defendants' activities, as alleged above, constitute contributory infringement of Nolan's rights in and to the copyright in the Composition in that Defendants each knowingly induced, caused, materially contributed in, and profited from the unauthorized reproduction, distribution, and/or public performance of the Infringing Works by Defendants, among others.

51. The foregoing acts of copyright infringement have been willful and intentional.

52. As a result of such infringement, Nolan has suffered actual damages in an amount that will be proven at trial.

## THIRD CLAIM FOR RELIEF FOR
## VICARIOUS INFRINGEMENT
### (Against All Defendants)

53. Nolan repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

54. Nolan is an owner of the Composition, which is the subject of a valid Certificate of Copyright Registration issued by the USCO.

55. Defendants all had access to the Composition due to the widespread fame and worldwide release of the Composition, as well as the notoriety of the works by The Eleventh Hour and Nolan.

56. There is a reproduction of the Composition in the samples used in the Infringing Works.

57. Defendants activities, as alleged above, constitute vicarious infringement of Nolan's rights in and to the Composition in that Defendants had the right and ability to supervise such direct infringement by Defendants, and because Defendants all had a direct financial interest in the Infringing Works.

58. The foregoing acts of copyright infringement have been willful and intentional.

59. As a result of such infringement, Nolan has suffered actual damages in an amount that will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Nolan prays for judgment as follows:

1. Pursuant to 17 U.S.C. § 502(a), Defendants, their agents, servants and employees and all parties in privity with them are enjoined permanently from directly or indirectly using the Composition or any other work derived in

1  any way therefrom, in any manner which infringes upon the copyright in the
2  Composition;
3      2.    Defendants file with the Court and serve on Nolan a report setting
4  forth the manner and form in which compliance with said permanent injunction
5  against infringement has been made;
6      3.    Pursuant to 17 U.S.C. § 504(b), Defendants are required to pay to
7  Nolan such actual damages as Nolan may have sustained in consequence of
8  Defendants' infringement and all profits of Defendants that are attributable to
9  the infringement of Nolan's copyrights;
10     4.    Defendants provide Nolan an accounting for all gains, profits and
11 advantages attributable to or derived by Defendants from their infringement;
12     5.    Pursuant to 17 U.S.C. § 504(c), Defendants are required to pay an
13 award of statutory damages in a sum of not less than $30,000 per infringement,
14 should this statutory remedy be elected;
15     6.    Defendants' infringements are found to have been willful;
16     7.    Pursuant to 17 U.S.C. § 504(c), Defendants are required to pay an
17 award of increased statutory damages in a sum of not less than $150,000 per
18 infringement for willful infringement, should this statutory remedy be elected;
19     8.    Pursuant to 17 U.S.C. § 505, Defendants are required to pay
20 Nolan's full costs in this action and reasonable attorney's fees;
21     9.    Defendants are equitably disgorged of wrongfully obtained profits
22 attributable to the Infringing Works;
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

10. Nolan be awarded such other further relief as is just and equitable.

Dated: February 9, 2023

TESSER | GROSSMAN LLP
BRANDON M. TESSER
ROBERT PAREDES

_____
ROBERT PAREDES
Attorneys for Plaintiff
KENNY NOLAN

# DEMAND FOR JURY TRIAL

Nolan hereby demands a jury trial on all claims for relief which may be tried to a jury.

Dated: February 9, 2023

TESSER | GROSSMAN LLP
BRANDON M. TESSER
ROBERT PAREDES

_____
ROBERT PAREDES
Attorneys for Plaintiff
KENNY NOLAN

**COMPLAINT**
- 13 -