UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV23-00979 JAK (MAAx) | Date | December 27, 2023 |
| Title | Kenny Nolan v. Universal Music Group Holdings et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT SIR BRYSON HALL P/K/A LOGIC (DKT. 47)

### I. Introduction

On February 9, 2023, Kenny Nolan ("Nolan" or "Plaintiff") brought this action against Universal Music Group Holdings, Inc. ("UMG"), Joseph Antonio Cartagena p/k/a Fat Joe ("Fat Joe"), Sir Robert Bryson Hall II p/k/a/ Logic ("Logic"), QN5, Inc. ("QN5"), Omar Rogelio Tull p/k/a PackFM ("PackFM") and Does 1-20 (collectively, "Defendants"). Dkt. 1.[1] The Complaint advances three causes of action against all Defendants: copyright infringement, contributory copyright infringement and vicarious copyright infringement. *Id.* ¶¶ 39-59. The Complaint seeks money damages and injunctive relief. *Id.* at 10-12.

On June 16, 2023, Plaintiff filed a motion to serve Logic by publication. Dkt. 28. On July 25, 2023, an order issued granting the motion. Dkt. 31. Pursuant to that order, Plaintiff executed service on Logic in August 2023 by having the summons published once each week, for four consecutive weeks, in the *Metropolitan News-Enterprise*. Dkt. 36. On September 1, 2023, Plaintiff filed a corresponding proof of service. *Id.* After Logic failed timely to respond to the Complaint, Plaintiff requested the entry of default as to Logic. Dkt. 41. That default was entered by the Clerk on October 3, 2023. Dkt. 42. On November 9, 2023, Plaintiff filed a motion for default judgment against Logic (the "Motion"). Dkt. 47. The Motion seeks judgment as to Logic's liability only, and requests that a ruling on remedies, including damages, attorney's fees and injunctive relief, be deferred until the matter is concluded as to other defendants. Dkt. 47-1 at 13.

A hearing on the Motion was held on December 4, 2023, and the matter was taken under submission. For the reasons stated in this Order, the Motion is **GRANTED**.

### II. Background

  A.  Parties

---

[1] On June 6, 2023, an order issued dismissing Does 11-20. Dkt. 27. On September 5, 2023, Plaintiff filed a voluntary notice of dismissal as to Fat Joe pursuant to Fed. R. Civ. P. 41(a)(1). Dkt. 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-00979 JAK (MAAx) | Date | December 27, 2023 |
| Title | Kenny Nolan v. Universal Music Group Holdings et al. | | |

The Complaint alleges that Nolan is a singer-songwriter. Dkt. 1 ¶ 4. It alleges that he has written his own songs and has also written and co-written songs for other artists, including Frankie Vallie and Labelle. *Id.* It further alleges that in Nolan is an owner of the musical composition "Nasty," which is the subject of a valid certificate of copyright registration. *Id.* ¶ 40.

The Complaint alleges that UMG is a music company and one of the "Big Three" record labels; the other two are Sony Music and Warner Music Group. *Id.* ¶ 6. It alleges that UMG owns and operates a broad spectrum of businesses engaged in recorded music, music publishing, merchandising and audiovisual content. *Id*. The Complaint alleges that UMG's operational headquarters are in Santa Monica, California. *Id.*

The Complaint alleges that Fat Joe, Logic and PackFM are recording artists who provide entertainment services throughout the United States. *Id.* ¶¶ 7-8, 10. It alleges that both Fat Joe and Logic are recording artists under UMG and that PackFM is a recording artist under QN5, an independent record label. *Id.* ¶¶ 7-10.

   B.  Allegations in the Complaint

The Complaint alleges that in 1974, Nolan co-wrote the lyrics and the music to "Nasty" (the "Composition"), which Nolan created as a member of The Eleventh Hour, a recording project. *Id.* ¶ 5. It alleges that Nolan recorded the vocals in the Composition and is an owner of the Composition, which is registered with the United States Copyright Office ("USCO") under the registration number EP320358. *Id.* ¶¶ 5, 40.

The Complaint alleges that Fat Joe, Logic and PackFM each created works that make unauthorized use of the Composition's "instantly recognizable opening and refrain." *Id.* ¶¶ 16-21. It alleges that Fat Joe's infringing work is titled "That White" and was released in 2008 on the album "The Elephant in the Room." *Id.* ¶ 17. It alleges that Logic's infringing work is titled "Nasty," and was released in 2013 as a single and music video. *Id.* ¶ 19. It alleges that PackFM's infringing work is also titled "Nasty," and was released in 2010 on the album "I F*cking Hate Rappers." *Id.* The Complaint alleges that "That White" and Logic's version of "Nasty" were marketed and distributed by UMG, and that PackFM's version of "Nasty" was marketed and distributed by QN5. *Id.* ¶¶ 18, 20, 22.

The Complaint alleges that "That White," Logic's version of "Nasty," and PackFM's version of "Nasty" (collectively, the "Infringing Works") are derivative works that contain unauthorized samples of the music, lyrics and sound recording of the Composition. *Id.* ¶ 23. It alleges that Defendants used the Composition without permission from Nolan or any other copyright owner of the Composition in order to benefit from various income sources and from the public performance of their Infringing Works. *Id.* ¶¶ 24-25. The Complaint further alleges that, by promoting the Infringing Works and directing third parties to download and purchase the Infringing Works, Defendants took active steps to encourage, recommend, facilitate and instruct third-parties in how to engage in infringing conduct. *Id.* ¶ 31.

The Complaint alleges that UMG and QN5 further supervised and controlled the release of the Infringing Works, including reproducing, manufacturing, distributing, publicly performing and/or digitally transmitted those works. *Id.* ¶¶ 26, 30. It alleges that, on November 28, 2022, Nolan notified UMG of the Infringing Works by certified mail. *Id.* ¶ 27. It alleges that UMG, as well as QN5, continued to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-00979 JAK (MAAx) | Date | December 27, 2023 |
| Title | Kenny Nolan v. Universal Music Group Holdings et al. | | |

advertise and encourage the infringement of the Composition through marketing and distribution of the Infringing Works. *Id.* ¶¶ 28, 30. It alleges that UMG and QN5's continuous promotion and advertisement of the Infringing Works served to condone, encourage and facilitate the ongoing infringing conduct of Fat Joe, Logic and PackFM. *Id.* ¶¶ 32-33. The Complaint further alleges that UMG and QN5 promoted and advertised the Infringing Works despite their knowledge of the direct infringement by the other Defendants, and despite their right and ability to control the releases and distribution of the Infringing Works. *Id.* ¶ 34.

### III.   Analysis

   A.   Legal Standards

      1.   Procedural Requirements for Default Judgment

Local Rule 55-1 requires that a party moving for default judgment submit a declaration or include information with respect to each of the following: (i) when and against which party default has been entered; (ii) the identification of the pleading to which default has been entered; (iii) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (iv) the Servicemembers Civil Relief Act, 50 U.S.C.A. § 3931 does not apply; and (v) notice has been provided to the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

      2.   Substantive Standards for Entry of Default Judgment

Fed. R. Civ. P. 55(b) grants discretion to the trial court with respect to whether a default judgment should be entered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default does not per se warrant or require the entry of a default judgment. *Id*. The Ninth Circuit has established seven factors that may be applied in determining whether a default judgment is appropriate. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). They are: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claim; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy favoring decisions on the merits. *Id*. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (internal citations omitted).

   B.   Application

      1.   Procedural Requirements

Plaintiff has satisfied the procedural requirements of Local Rule 55-1. In support of the Motion, Plaintiff provides the declaration of Robert Paredes, Plaintiff's counsel ("Paredes Decl."). Dkt. 54. Paredes declares that the Complaint is the pleading to which Logic has not responded and as to which the entry of default was entered on October 3, 2023. *Id.* ¶¶ 2-3. Paredes further declares: (1) Logic is not an infant or incompetent person; and (2) Logic is not subject to the Servicemembers Civil Relief Act. *Id.* ¶¶ 4-5. Paredes finally declares that Logic was not served with the Motion because, pursuant to Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-00979 JAK (MAAx) | Date | December 27, 2023 |
|---|---|---|---|
| Title | Kenny Nolan v. Universal Music Group Holdings et al. | | |

Civ. P. 55(b)(2), Logic has not appeared in this action and therefore does not need to be served. *Id.* ¶ 6; *see* Dkt. 50.

    2.    <u>*Eitel* Factors</u>

        a)    The Possibility of Prejudice

A plaintiff will be prejudiced if, absent the entry of a judgment, that plaintiff will be left without a remedy. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be without other recourse for recovery."); *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Due to Logic's failure to appear or participate in this litigation, Plaintiff will suffer prejudice unless a default judgment is entered. Therefore, the first *Eitel* factor weighs in favor of granting the Motion.

        b)    The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors overlap because a plaintiff must properly state a claim and the allegations in the complaint are deemed true. Thus, if the complaint is sufficient, a plaintiff's substantive claim has merit for purposes of a request for the entry of a default judgment. *PepsiCo*, 238 F. Supp. 2d at 1175; see also *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (allegations in the complaint must state a claim upon which the plaintiff may recover).

The Complaint advances three causes of action, for copyright infringement, contributory copyright infringement and vicarious copyright infringement. Dkt. 1 ¶¶ 39-59.

        (1)    <u>Copyright Infringement</u>

To state a prima face claim for copyright infringement, Plaintiff must show ownership of the allegedly infringed material, as well as unlawful copying in violation of an exclusive right under 17 U.S.C. § 106. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). A certificate of registration made prior to, or less than five years after, publication of a work is prima facie evidence of a valid copyright in that work. 17 U.S.C. § 410(c).

The Complaint alleges that Plaintiff is the co-writer of the Composition's lyrics and music and that Plaintiff owns a valid copyright for the Composition. Dkt. 1 ¶ 5. Appended to the Motion is a copy of the registration certificate for the Composition (Dkt. 48-1 at 2-3), which was issued in 1974, the same year that the Composition was allegedly created (Dkt. 1 ¶ 5). The Complaint further alleges that, without Plaintiff's permission, Logic reproduced the Composition via a sample employed in the Infringing Work and that his unauthorized reproductions, distributions, public performances and digital transmissions of the Infringing Work constitute separate infringements of Plaintiff's rights in and to the Composition. *Id.* ¶ 43. The Complaint then alleges that Logic publicly performed the Composition, which constitutes an additional instance of copyright infringement. *Id.* ¶ 24 n.1. These allegations are sufficient to state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-00979 JAK (MAAx) | Date | December 27, 2023 |
| Title | Kenny Nolan v. Universal Music Group Holdings et al. | | |

claim for copyright infringement of the Composition.

### (2)   Contributory Copyright Infringement

"One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another may be liable as a 'contributory' [copyright] infringer." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). To state a prima facie claim for contributory copyright infringement, a plaintiff "must allege that [the defendant] (1) knew or had reason to know of the direct infringement, and (2) either induced, caused, or materially contributed to the infringing conduct." *VBConversions LLC v. Gulf Coast Ventures, Inc.*, No. CV-12-8265-JGB, 2016 WL 11687660, at *5 (C.D. Cal. Aug. 10, 2016) (citing *A&M Records, Inc.*, 239 F.3d at 1020).

The Complaint alleges that all Defendants, including Logic, "knowingly induced, caused, materially contributed in, and profited from the unauthorized reproduction, distribution, and o/r public performance of the Infringing Works." Dkt. 1 ¶ 50. It further alleges that Defendants had access to the Composition due to its widespread fame and worldwide release and that their acts of copyright infringement were "willful and intentional." *Id.* ¶ 44, 51, 58. These allegations are sufficient to state a claim for contributory copyright infringement of the Composition.

### (3)   Vicarious Copyright Infringement

"A defendant is liable for vicarious copyright infringement 'by profiting from direct infringement while declining to exercise a right to stop or limit it.' " *Paramount Pictures Corp v. International Media Films Inc.*, No. CV-11-09112-SJO, 2013 WL 3215189, at *12 (C.D. Cal. June 12, 2013) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, Ltd., 545 U.S. 913, 930 (2005)). "To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007); *A&M Records, Inc.*, 239 F.3d at 1020.

The Complaint alleges that all Defendants, including Logic, had the right and ability to supervise the direct infringement and that a direct financial interest in the Infringing Works. Dkt. 1 ¶ 57. It further alleges that Logic engaged in unauthorized copyright infringement by reproducing a sample of the Composition within his version of "Nasty." *Id.* ¶ 56. These allegations are sufficient to state a claim for vicarious copyright infringement of the Composition.

For the foregoing reasons, the Complaint sufficiently alleges that Logic is liable for copyright infringement, contributory copyright infringement and vicarious copyright infringement. Therefore, the second and third *Eitel* factors weigh in favor of granting the Motion.

### c)   The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is discouraged when the amount of money at stake in the litigation is "too large or unreasonable in light of defendant's actions." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06-cv-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007); see also *Eitel*, 782 F.2d at 1472 (in light of parties' dispute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-00979 JAK (MAAx) | Date | December 27, 2023 |
|---|---|---|---|
| Title | Kenny Nolan v. Universal Music Group Holdings et al. | | |

as to material facts, entry of $3 million judgment would not be appropriate). However, where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *See Bd. of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mech., Inc.*, No. 10-C-2212, 2011 WL 2600898, at *2-3 (N.D. Cal. June 30, 2011) (the amount of unpaid contributions, liquidated damages and attorney's fees were appropriate because each amount was supported by sufficient evidence).

Plaintiff seeks default judgment solely as to liability and requests that a ruling on damages, attorney's fees and other remedies, including injunctive relief, be deferred until resolution of Plaintiff's claims against the other Defendants. Dkt. 47-1 at 13. Therefore, this factor is neutral as to whether default judgment should be entered.

### d) The Possibility of a Dispute Concerning Material Facts

As noted, upon entry of default, all facts pleaded in the operative complaint are deemed true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Although it is possible that Logic could dispute some or all of the material facts in this litigation, its failure to appear and defend is sufficient to support the inference that it is unlikely to do so. Therefore, the fifth *Eitel* factor weighs in favor of granting the Motion.

### e) Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect of the non-moving party. There is no evidence of excusable neglect here. Logic was served by publication across a four-week period in August 2023. Dkt. 36. After Logic failed to file any timely response, Plaintiff requested that the Clerk enter default. Dkt. 41. Logic has still not appeared in the action, including through a request to set aside the default or to be permitted to present a response to the Complaint. As a result, there is no evidence that Logic's failure to respond to the Complaint or otherwise appear in this action was due to excusable neglect. Therefore, this factor weighs in favor of granting the Motion.

### f) The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor considers the strong policy preference of deciding claims on the merits. This factor generally disfavors the entry of default judgment. "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal citation and quotation marks omitted). Further, a defendant's decision not to defend the action precludes a decision on the merits. Therefore, although this factor weighs against granting the Motion, it does not require that result. A contrary rule would mean that a default judgment could rarely, if ever, be entered.

## IV. Conclusion

Based on a review and balancing of the *Eitel* factors, the Motion is **GRANTED** as to liability only. In accordance with Plaintiff's request (Dkt. 47-1 at 5), a ruling on applicable remedies, including damages,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-00979 JAK (MAAx) | Date | December 27, 2023 |
| Title | Kenny Nolan v. Universal Music Group Holdings et al. | | |

injunctive relief and attorney's fees, is deferred. Also deferred is the entry of a judgment until the conclusion of this action as to all parties, when a single judgment can be entered.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    tj